**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

PARAG G. PATIL, M.D., Ph.D.,

Plaintiff,

v.

CASE NO. 23-cv-10631-MAG-DRG
Hon. Mark A. Goldsmith
Mag. Judge David R. Grand

THE BOARD OF REGENTS OF THE UNIVERSITY OF MICHIGAN, MARIE LOZON, M.D., Individually, KARIN MURASZKO, M.D., Individually, and STEPHEN SULLIVAN, M.D., Individually,

Defendants.
_______________________________________________________________/

**PLAINTIFF'S MOTION FOR SANCTIONS ON DEFENDANTS AND THEIR COUNSEL FOR THEIR INTENTIONAL AND BAD FAITH DISOBEDIENCE OF THE DISTRICT COURT'S REFERAL OF THIS CASE FOR SETTLEMENT CONFERENCE AND THE MAGISTRATE'S NOTICES DATED SEPTEMBER 4, 2024 AND DECEMBER 13, 2024**

LOCAL RULE CERTIFICATION: Ronald G. Acho, certifies that this document complies with Rule 5.1(a), including double-spaced (except for quoted materials and footnotes); at lease one-inch margins on the top, sides and bottom; consecutive page-numbering; and type size of all text and footnotes that is no smaller than 10-1/2 characters per inch (for non-proportional fonts) or 14 point (for proportional fonts) I also certify that is the appropriate length. Local Rule 7.1(d)(3).

PLAINTIFF, Parag Patil M.D. Ph.D, by and through his attorney, Ronald G, Acho of Cummings, McClorey, Davis & Acho P.L.C., moves the Magistrate Judge to: (1) Find that Defendants and their counsel knowingly and intentionally

disobeyed this Court's Notices of September 4, 2024 and December 13, 2024 when they failed to appear for the noticed settlement conferences with "Client(s)/client representative(s) with full settlement authority"; (2) Find that Defendants and their Counsels' actions amount to bad faith disobedience warranting sanctions; (3) Order sanctions against Defendants and their counsel for that misconduct including awarding Plaintiff attorney fees incurred in attending the settlement conferences on October 28, 2024 and January 23, 2025; and (4) Order such other Sanctions on Defendants and their Counsel that the Court deems just and appropriate. In support of this motion, Plaintiff relies on the attached brief and exhibits.

WHEREFORE, PLAINTIFF PARAG G. PATIL, M.D., PhD., respectfully requests that this Honorable Court to grant this Motion and: (1) Find that Defendants and their counsel knowingly and intentionally disobeyed this Court's Notices of September 4, 2024 and December 13, 2024 when they failed to appear for the noticed settlement conferences with "Client(s)/client representative(s) with full settlement authority"; (2) Find that Defendants and their Counsels' actions amount to bad faith disobedience warranting sanctions; (3) Order sanctions against Defendants and their counsel for that misconduct including awarding Plaintiff attorney fees incurred in attending the settlement conferences on October 28, 2024 and January 23, 2025; and (4) Order such other Sanctions on Defendants and their Counsel that the Court deems just and appropriate.

Respectfully submitted,

**CUMMINGS MCCLOREY DAVIS & ACHO, PLC**

By: /s/ *Ronald G. Acho*

Ronald G. Acho (P23913)
17436 College Parkway
Livonia, MI 48152
(734) 261-2400
Attorneys for Plaintiff
racho@cmda-law.com

Dated: January 30, 2025

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

PARAG G. PATIL, M.D., Ph.D.,

Plaintiff,

v.

THE BOARD OF REGENTS OF THE UNIVERSITY OF MICHIGAN, MARIE LOZON, M.D., Individually, KARIN MURASZKO, M.D., Individually, and STEPHEN SULLIVAN, M.D., Individually,

Defendants.

CASE NO. 23-cv-10631-MAG-DRG
Hon. Mark A. Goldsmith
Mag. Judge David R. Grand

________________________________________________________/

**PLAINTIFF'S BRIEF IN SUPPORT OF MOTION FOR SANCTIONS ON DEFENDANTS AND THEIR COUNSEL FOR THEIR INTENTIONAL AND BAD FAITH DISOBEDIENCE OF THE DISTRICT COURT'S REFERAL OF THIS CASE FOR SETTLEMENT CONFERENCE AND THE MAGISTRATE'S NOTICES DATED SEPTEMBER 4, 2024 AND DECEMBER 13, 2024**

LOCAL RULE CERTIFICATION: Ronald G. Acho, certifies that this document complies with Rule 5.1(a), including double-spaced (except for quoted materials and footnotes); at lease one-inch margins on the top, sides and bottom; consecutive page-numbering; and type size of all text and footnotes that is no smaller than 10-1/2 characters per inch (for non-proportional fonts) or 14 point (for proportional fonts) I also certify that is the appropriate length. Local Rule 7.1(d)(3).

**TABLE OF CONTENTS**

**Page**

TABLE OF CONTENTS ........................................................................................i

CONCISE STATEMENT OF ISSUES PRESENTED ........................................... ii

CONTROLLING OR MOST APPROPRIATE AUTHORITY FOR THE RELIEF REQUESTED ...................................................................... ii

INTRODUCTION ..............................................................................................1

ARGUMENT ......................................................................................................2

I. DEFENDANTS AND DEFENDANTS' COUNSEL INTENTIONALLY DISOBEYED THE COURT'S REFERRALOF THE CASE FOR SETTLEMENT CONFERENCE AND THE MAGISTRATE JUDGE'S NOTICES OF SEPTEMBER 4, 2024 AND DECEMBER 13, 2024..................................................................2

II. THE MAGISTRATE JUDGE HAS AUTHORITY TO ENFORCE ITS NOTICES AND TO SANCTION DEFENDANTS' AND DEFENDANTS' COUNSELS' KNOWING AND INTENTIONAL DISOBEDIENCE OF THE NOTICES.................................................................................7

III. AN AWARD OF ATTORNEY FEES INCURRED BY PLAINTIFF IN HAVING TO APPEAR AT TWO FUTILE SETTLEMENT CONFERENCES IS AN APPROPRIATE SANCTION. ...............................................................................7

RELIEF REQUESTED........................................................................................8

## CONCISE STATEMENT OF ISSUES PRESENTED

I. DID DEFENDANTS AND DEFENDANTS' COUNSEL INTENTIONALLY DISOBEY THE COURT'S REFERRAL OF THE CASE FOR SETTLEMENT CONFERENCE AND THE MAGISTRATE JUDGE'S NOTICES OF SEPTEMBER 4, 2024 AND DECEMBER 13, 2024?

Plaintiff says "Yes".

Defendants would say "No".

II. DOES THE MAGISTRATE JUDGE HAVE AUTHORITY TO ENFORCE ITS NOTICES AND TO SANCTION DEFENDANTS' AND DEFENDANTS' COUNSELS' KNOWING AND INTENTIONAL DISOBEDIENCE OF THE NOTICES?

Plaintiff says "Yes".

Defendants would say "No".

III. IS AN AWARD OF ATTORNEY FEES INCURRED BY PLAINTIFF IN HAVING TO APPEAR AT TWO FUTILE SETTLEMENT CONFERENCES AN APPROPRIATE SANCTION?

Plaintiff says "Yes".

Defendants would say "No".

**CONTROLLING OR MOST APPROPRIATE**
**AUTHORITY FOR THE RELIEF SOUGHT**

*Chambers v. NASCO, Inc.*, 501 U.S. 32, 111 S.Ct. 2123, 115 L.Ed. 27 (1991) .......... 7

*First Bank of Marietta v. Hartford Underwriters Ins. Co.*, 307 F.3d 501 (6th Cir. 2002) .......... 7

# INTRODUCTION

On August 21, 2024, the District Court, the Hon. Mark A. Goldsmith, issued an Order referring this case to Magistrate Judge David Grand to conduct a settlement conference. (ECF No.55 Page ID 2767, Exhibit 1). The Court's referral presumed the parties' would discuss settlement in good faith. The Defendants have not.

On September 4, 2024, Magistrate Judge Grand issued a Notice of Settlement Conference ordering the parties to appear for an in-person settlement conference on October 28, 2024. (ECF No. 60 PageID 2773, Exhibit 2).

The September 4, 2024 Notice ordered:

> **CLIENT(S)/CLIENT REPRESENTATIVE(S) WITH FULL SETTLMENT AUTHORITY *MUST* ATTEND THE SETTLEMENT CONFERENCE.** (Upper case, bold-face, and underlined emphases in original. Italicized emphasis added.)

On December 13, 2024, Magistrate Judge Grand issued a Notice of Settlement Conference ordering the parties to appear for to appear for an in-person settlement conference on January 23, 2025. (ECF No. 71 PageID 2940, Exhibit 3).

The December 13, 2024 Notice also ordered:

> **CLIENT(S)/CLIENT REPRESENTATIVE(S) WITH FULL SETTLMENT AUTHORITY *MUST* ATTEND THE SETTLEMENT CONFERENCE.** (Upper case, bold-face, and underlined emphases in original. Italicized emphasis added.)

Plaintiff appeared for both the October 28, 2024 and January 23, 2025, settlement conferences in compliance with the Court's Order to appear with a "Client … with Full Settlement Authority."

However, Defendants and their counsel, did not. In a clear demonstration of bad faith disregard for the District Court's referral and the Magistrate Judge's Notices, at both the October 28, 2024 and January 23, 2025 settlement conferences, Defendants failed to appear with a "Client/Client Representative(s) with Full Settlement Authority." Only Defendants' retained counsel and an associate general counsel employed by the University appeared. These persons apparently admitted to the Magistrate Judge that none had "Full Settlement Authority" as clearly required by the Notices and as was presumed by the District Court's referral.

## ARGUMENT

### I. DEFENDANTS AND DEFENDANTS' COUNSEL INTENTIONALLY DISOBEYED THE COURT'S REFERRAL FOR SETTLEMENT CONFERENCE AND THE MAGISTRATE JUDGE'S NOTICES DATED SEPTEMBER 4, 2024 AND DECEMBER 13, 2024.

Defendants and Defendants' Counsel cannot reasonably dispute they intentionally disobeyed the directive in the Notices that they appear for the settlement conferences with a "Client/Client Representative(s) with Full Settlement Authority". Plaintiff respectfully requests the Court to make that finding of fact.

Defendants and their counsel did not object to the District Court's August 21, 2024 referral of this case to the Magistrate Judge to conduct a settlement conference. they did not object to the Magistrate Judge scheduling two settlement conferences. They did not object to the Magistrate Judge ordering the parties to prepare and submit confidential settlement statements. Defendants did not object to being ordered to appear at the settlement conferences with "Client/Client Representative(s) with Full Settlement Authority". There was nothing ambiguous about that District Judge's and Magistrate Judge's directives. Defendants sought no clarification of them. They sought no relief from them. Defendants and their counsel just chose to disobey them. Defendants' actions with respect to the Settlement Conference process was deliberate, bad-faith disobedience and misconduct by Defendants and their counsel. The Court should not excuse, condone or ignore such intentional misbehavior. Plaintiff respectfully requests the Court to make those findings of fact and law.

The following facts demonstrate Defendants' misconduct:

Plaintiff and his counsel attended both settlement conferences for at least *three* (3) hours each despite Defendants failing to attend with a representative with full settlement authority.

Defendants attended both settlement conferences in bad faith and refused to negotiate. They used the Magistrate to pressure Plaintiff to negotiate against

himself knowing they did not have a representative present – or even available – at either settlement conference with full settlement authority as they had been ordered. Defendants' bad faith is further demonstrated by the fact that at the first settlement conference on October 28, 2024, they made no settlement offer at all.

Never during the Settlement Conference on October 28, 2024 did Defendants inform the Magistrate Judge, or the Plaintiff, that there are four (4) persons who must decide settlement for Defendants. Defendants disclosed that fact for the first time only late in the Settlement Conference on January 23, 2025. Defendants did not identify those persons.

At the January 23, 2025 Conference, Plaintiff brought Defendants' disobedience of the Notices to the Magistrate Judge's attention. Plaintiff asked the Magistrate Judge to enforce the Notice directive. Plaintiff asked the Magistrate Judge to order Defendants' counsel to immediately comply with the Notice by instructing the four settlement decision-makers to immediately come to court in compliance with the Notice and attend the conference. Plaintiff observed to the Magistrate Judge that all persons with settlement authority likely had offices within a mile of the Courthouse. The Magistrate Judge declined to order the four representatives to attend and instead suggested Plaintiff file this motion about Defendants' disobedience of the Notices.

It is now evident that Defendants attended both the October 28, 2024 and January 23, 2024 settlement conferences in bad faith and with no intention of complying with the Notices or engaging in good faith settlement negotiations.

There were three phone conferences in between the two in-person settlement conferences. No representative of Defendants with settlement authority was on any call.

Defendants' oppositional and uncooperative behavior described above is pro forma for them. It was intended to frustrate and is characteristic of their conduct throughout their dealings with Dr. Patil. Dilatory behavior, logistical frustrations, and general disrespect for other persons or institutions is typical of these Defendants. Defendants shield themselves and their decision-making from transparency and accountability through decision-making by multiple committees, alphabet boards, and other groups within groups. Defendants have now extended that same behavior to this Court's orders and notices and the settlement negotiation process. Only at the eleventh-hour of settlement conferences did Defendants' counsel divulge to the Magistrate Judge and to the Plaintiff there is a secret, nameless group of settlement decision-makers who do not deign to attend Court even when the Court has ordered them to do so.

Sanctions are also warranted because the Michigan Medicine Defendants have had great latitude in this process and have repeatedly abused that latitude.

For one example of this, Defendants were afforded more time to present offers or counteroffers, more time to consider what has been presented to them, and despite that unfair deference, they have deliberately wasted the Court's time and Plaintiff's time and Plaintiff's counsel's time by refusing to negotiate in good faith and comply with the Court's notices. The Court should not reward Defendants' intentional disobedience of the Court's notices by ignoring it. The Court should hold Defendants and their counsel accountable for their misbehavior.

Defendants' intentional disobedience of the Notices is the latest in a long series of delays that Defendants have deliberately caused this Plaintiff to suffer. It took these Defendants nearly three years to administer their own internal medial staff privileges discipline hearing process against Plaintiff. Defendants disregarded the timelines specified in its own policies at nearly every juncture. Nearly six months will elapse between the date of the District Judge's August 21, 2024 referral for settlement conference to the telephone settlement status conference the Court has now scheduled for February 11, 2025. Plaintiff has requested Defendants to provide deposition dates for its agents, and Defendants have ignored those requests.

## II. THE MAGISTRATE JUDGE HAS AUTHORITY TO ENFORCE ITS NOTICES AND TO SANCTION DEFENDANTS' AND DEFENDANTS' COUNSELS' KNOWING AND INTENTIONAL DISOBEDIENCE OF THE NOTICES.

This Court has inherent authority to sanction bad-faith, intentional disobedience of the sort committed by these Defendants and their counsel and that interfered with the Court's referral and notices. See, for example, *Chambers v. NASCO, Inc.*, 501 U.S. 32, 49–50, 111 S. Ct. 2123, 2135–36, 115 L. Ed. 2d 27 (1991). ("[N]either is a federal court forbidden to sanction bad-faith conduct by means of the inherent power simply because that conduct could also be sanctioned under the statute or the Rules."). Accord, *First Bank of Marietta v. Hartford Underwriters Ins. Co.*, 307 F.3d 501, 511 (6th Cir. 2002)

## III. AN AWARD OF ATTORNEY FEES INCURRED BY PLAINTIFF IN HAVING TO APPEAR AT TWO FUTILE SETTLEMENT CONFERENCES IS AN APPROPRIATE SANCTION.

When Defendants and their counsel appeared at two settlement conferences without a representative(s) with full settlement authority, they knowingly made those conferences futile. That bad-faith misconduct interfered with the District Court's August 21, 2024 referral and the Magistrate Judge's October 28, 2024 and December 13, 2024 Notices. Defendants' misconduct caused Plaintiff to incur substantial attorney time to no effect. A court order to Defendants' to pay the

attorney fees Plaintiff incurred in attending the settlement conferences on October 28, 2024 and January 23, 2025 is an appropriate sanction.

**RELIEF REQUESTED**

WHEREFORE, PLAINTIFF PARAG G. PATIL, M.D., PhD., respectfully requests that this Honorable Court to grant this Motion and: (1) Find that Defendants and their counsel knowingly and intentionally disobeyed this Court's Notices of September 4, 2024 and December 13, 2024 when they failed to appear for the noticed settlement conferences with "Client(s)/client representative(s) with full settlement authority"; (2) Find that Defendants and their Counsels' actions amount to bad faith disobedience warranting sanctions; (3) Order sanctions against Defendants and their counsel for that misconduct including awarding Plaintiff attorney fees incurred in attending the settlement conferences on October 28, 2024 and January 23, 2025; and (4) Order such other Sanctions on Defendants and their Counsel that the Court deems just and appropriate.

Respectfully submitted,

**CUMMINGS MCCLOREY DAVIS & ACHO, PLC**

By: /s/ *Ronald G. Acho*
Ronald G. Acho (P23913)
17436 College Parkway
Livonia, MI 48152
(734) 261-2400
Attorneys for Plaintiff
racho@cmda-law.com

Dated: January 30, 2025

**CERTIFICATE OF SERVICE**

The undersigned certifies that on January 30, 2025 the foregoing document was served upon all parties to the above cause of action via the Court's ECF System.

By: /s/ Ronald G. Acho
Ronald G. Acho (P23913)
Cummings, McClorey, Davis & Acho, PLC
17436 College Parkway
Livonia, MI 48152
(734) 261-2400
Attorneys for Plaintiff
racho@cmda-law.com